IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH TARVER,
     Plaintiff,

vs.                                   Case No.: 3:07cv354/MCR/EMT

OFFICER GEOFFRY, et al.,
     Defendants.
_____/

**<u>ORDER</u>**

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 5).  From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants.  Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

       Plaintiff, an inmate at the Santa Rosa Correctional Institution ("SRCI"), states that in April of 2007, he filed a grievance against Defendant Geoffry for assaulting him (Doc. 1 at 7).  He states that Defendant Geoffry was investigated for this incident (*id*.).  Plaintiff states that Defendant Geoffry was upset because of the investigation, and stated, "Nice try.  You can file all the grievances you want, but I'm still going to kill your punk ass" (*id*.).  Plaintiff states that on June 14, 2007, he went to "recreation" and returned to his cell to find that his personal letters and photographs were destroyed (*id*.).  At approximately 12:40 p.m. Plaintiff asked Defendant Geoffry why he destroyed his property (*id*.).  Defendant Geoffry replied, "Why?  What are you going to do about it?" (*id*.).  Defendant Geoffry grabbed Plaintiff, while he was handcuffed and shackled, and tried to drag him out of the view of the cameras (*id*.).  As Defendants Kelley, Connor, and Williams watched, Defendant Geoffry pushed Plaintiff (*id*.).  Plaintiff's right collar bone was broken as a result of this incident (*id*.).  Plaintiff, a mental health patient, alleges that he suffers from physical pain,

nightmares, psychological damage, and loss of appetite as a result of the attack (*id*. at 7–7A). Plaintiff sees all of the Defendants, except Defendant Geoffry, on a daily basis, and he fears for his safety as a result of the grievances and lawsuit (*id*.).  For relief, Plaintiff seeks prosecution of Defendant Geoffry, monetary relief, and an immediate transfer to a facility close to his home in Miami, Florida (*id*. at 8).

As an initial matter, Plaintiff must clarify the Defendants in this matter.  In the style of the case he names Officer Geoffry, Lieutenant Kelley, Sergeant Connor, and Officer Williams; however, in the "Defendants" section of the complaint form he names only Officer Geoffry, Lieutenant Kelley, and Sergeant Connor, and does not name Officer Williams (Doc. 1 at 1, 2).  Therefore, Plaintiff must clarify who he seeks to sue in this action, and in his amended complaint, the names of the Defendants in the style of the case must be the same as those listed in the "Defendants" section of the complaint form.

Additionally, as to Defendants Kelley, Connor, and Williams (if Williams is indeed a Defendant), Plaintiff appears to seek to hold them liable because they failed to intervene during Defendant Geoffry's attack on Plaintiff.  However, Plaintiff must clearly allege facts demonstrating that their conduct deprived him of rights guaranteed by the Constitution or federal laws.  Plaintiff is advised that, in the event of alleged excessive force by a corrections officer, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance.  Velazquez v. City of Hialeah, ___ F.3d ___, 2007 WL 1166134 (11th Cir. 2007); Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (quoting Fundiller v. Cooper City, 777 F.2d 1436, 1441–42 (11th Cir. 1985)); Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000).  Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow.  Velazquez, 2007 WL 1166134 (citing Skrtich, 280 F.3d at 1301).  While an officer has an affirmative duty to prevent another from violating an individual's constitutional rights, the officer must have a realistic opportunity to prevent the illegal conduct.  See Ensley v. Soper, 142 F.3d 1402, 1407-08 (11th Cir. 1998); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986); Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).  A merely negligent failure to protect an inmate does not state a claim under § 1983. Galloway, 352 F.3d at 1350; Brown, 894 F.2d at 1537; Davidson v. Cannon, 474 U.S. 344, 347–48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986).

In the instant case, Plaintiff states that Defendants Kelley, Connor and Williams "watched,

making no attempt to intervene," while Defendant Geoffry assaulted him (Doc. 1 at 7).  Additionally, Plaintiff states that Defendants Kelley, Connor and Williams "were in a position to prevent" the attack, but failed to do so, and they did not intervene "until Plaintiff was on the ground, screaming in pain" (*id*. at 7A).  However, the facts alleged by Plaintiff fail to definitively establish that the officers had a realistic opportunity to prevent or stop the illegal conduct by Defendant Geoffry, or to intervene any sooner than they did.  For example, even if the officers were in a "position to prevent" the attack, they must have had knowledge that it was about to occur and sufficient time to prevent the attack.  Similarly, Plaintiff admits that Defendants Kelley, Connor and Williams ultimately intervened, but Plaintiff has not established that they had a realistic opportunity to intervene any earlier.  In short, Plaintiff's facts must establish that Defendants Kelley, Connor and Williams could have realistically prevented or stopped the attack.  Thus, for example, Plaintiff should describe when the officers became aware of Geoffry's attack, the length of the assault (recognizing that if it happened quickly, the other officers may not have had time to intervene any earlier), the officers' proximity to the attack, exactly when they intervened, and any other facts that would establish their ability to realistically intervene.  If Plaintiff determines that no such facts exist, he should delete Defendants Kelley, Connor, and Williams from the amended complaint.  If such facts do exist, they should be clearly alleged in the amended complaint.

Finally, Plaintiff is not entitled to the relief he seeks.  As relief, Plaintiff seeks the prosecution of Defendant Geoffry and an "immediate institutional transfer" (*id*. at 8).  As a private citizen, Plaintiff "has no judicially cognizable interest" in the criminal prosecution of another.  Otero v. United States Attorney Gen., 832 F.2d 141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973)); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226–27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted).  In his amended complaint, Plaintiff should clarify the relief he seeks, recognizing that this court has no authority to file criminal charges against Defendant Geoffry, nor can this court direct that criminal charges be filed.

Plaintiff also seeks an immediate transfer from SRCI (Doc. 1 at 8).  Plaintiff states that he fears that some of the Defendants, who are employees at SRCI, will retaliate against him for filing grievances and a complaint (*id*. at 7A).  Since filing his complaint, however, Plaintiff has been

transferred from SRCI to Florida State Prison in Raiford, Florida (*see* Doc. 20).  Therefore, the issue of transfer is moot, and Plaintiff should delete this request for relief from his amended complaint.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action while incarcerated.  If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal.  If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form.  In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3.      Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 5th day of June 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**